George HAHN and Viola Hahn; August Hahn and Esther Hahn; Wilfred Hahn and Dixie Hahn; and Walter A. Hahn and Bernice Hahn, Plaintiffs-Appellants,

v.

EARTH CITY CORPORATION and Crow-St. Louis Industrial, Inc., Defendants-Respondents.

No. 41888.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 17, 1981.

Niedner, Moerschel, Ahlheim & Bodeux by Paul F. Niedner, St. Charles, for plaintiffs-appellants.

Lewis, Rice, Tucker, Allen & Chubb by F. Wm. McCalpin, St. Louis, for Crow-St. Louis Indus. Inc.

Erbs & Erbs by Thomas J. Erbs, Law Office of Frank L. Pellegrind by William T. Weidle, Jr., St. Louis, for defendant Earth City Corp.

SATZ, Presiding Judge.

In this cause, plaintiffs appeal from the trial court's finding that defendant had no duty to purchase plaintiffs' land. We affirm.

The sons of Dora Hahn and their spouses are plaintiffs in this action. In 1971, Dora Hahn owned land in St. Louis County, and, at that time, plaintiffs and Earth City Corporation (Earth City) executed a document (Hahn document) concerning that land. By this document, plaintiffs "agree[d] to sell to Earth City Corporation all of the property described ... for the sum of Nine Thousand Seven Hundred Fifty Dollars ($9,750.00) per ... acre .... The sale to be made from any of the sons of Dora Hahn and their respective wives and children as may be living at the time of the transfer to Earth City which shall be five (5) years from the date hereof shall be on the following basis: Earth City shall pay to the Sellers, as their interest may appear, Twenty Nine Percent (29%) of the adjusted purchase price in cash at closing...."[1] The document further provided that Earth City would lease the land until its actual sale. Earth City did occupy the land as lessee, paying the agreed to rent.

Subsequently, Earth City and defendant engaged in a transaction involving the Hahn document, plaintiffs' land, other tracts of land and many contracts concerning a complex real estate development project. This transaction was reduced to writing in a "Purchase Agreement" and an "Assignment." The "Purchase Agreement" provided that Earth City "shall sell, transfer, assign and convey ... [a]ll right, title, interest and privilege of [Earth City] in and to [certain] parcels of land," which included the land in question. The "Assignment" was a general assignment, stating that Earth City "sells, transfers, conveys and

---

1. The document completed the detailed method of payment as follows:

"Twenty Thousand Dollars ($20,000.00) of such down payment shall become the sole property of George and Viola Hahn as payment to them for their interest in the .36 acres owned by them which is included in the property described on Exhibit 'A' which shall include the house now occupied by George and Viola Hahn. The balance of the Twenty Nine Per Cent (29%) down payment purchase price shall be paid to the Sellers as their interest may appear, in cash. The balance thereof shall be equally divided among the four (4) sons and their respective wives and/or children. The balance of the adjusted purchase price shall be payable to the Sellers, whomever they may be, in equal annual principal payments over a ten (10) year period plus interest at the rate of five per cent (5%) per annum. The balance will be secured by Promissory Note and Deed of Trust issued by the Purchaser to the Sellers which Note and Deed of Trust shall contain the right to prepay after one (1) year, the whole or any part thereof at any time and from time to time."

Dora Hahn died in 1973 and plaintiffs received title to the land in question.

assigns [to defendant] all of its right, title, interest and privilege in and to the [Hahn document]" and "in and to" plaintiffs' land.

In 1976, seeking to enforce the Hahn document, plaintiffs made a demand upon Earth City to purchase the land in question. Earth City refused. Plaintiffs then sought performance from defendant on the theory that, as Earth City's assignee, defendant had assumed the obligation to perform the contractual duties Earth City owed to plaintiffs. This demand was also rejected. Plaintiffs then turned to the courts and, in separate counts, sued Earth City and defendant for specific performance and damages. During trial, plaintiffs settled with Earth City. After trial, the court found the Hahn document to be "in the nature of an option" contract, imposing no duty on Earth City to purchase plaintiffs' land, and, thus, the court found that even though Earth City has "assigned its rights, privileges and obligations" under the Hahn document to defendant, the assignment could impose no obligation upon defendant to purchase plaintiffs' land.

On appeal, plaintiffs contend they are creditor beneficiaries of the assignment between Earth City and defendant, and, thus, are entitled to specific performance or damages from defendant. This contention rests on two interrelated arguments. First, plaintiffs argue that the Hahn document was a bilateral contract for the sale of their land not an option contract; and plaintiffs also argue that, by its assignment to defendant, Earth City not only assigned its rights but delegated its duties under the Hahn document to defendant and defendant not only accepted those rights but agreed to perform those duties. We agree that the Hahn document is not an option contract, but even if it were a bilateral contract for the sale of land, we would not conclude that plaintiffs should prevail because defendant, as Earth City's assignee,

did not assume the obligation to perform any contractual duties Earth City owed to plaintiffs.

We first dispose of the issue of the Hahn document as an option contract.

 As with any contract, an option contract may be either unilateral or bilateral. 1A Corbin, *Contracts* § 260 (1963). In a unilateral option contract, the optionee pays the optionor to keep an offer open for a stated period of time. The optionee makes no promise of any kind. The consideration is the performance by the optionee; i.e., the optionee's payment of money. The optionee is privileged to accept the offer or not. The optionor's promise is binding, however, because he has been paid to keep his offer open. 1A Corbin, *Contracts* § 260 (1963). In a bilateral option contract, the optionee pays for his option not by performance but with a promise. *See Ragan v. Schreffler*, 306 S.W.2d 494, 498 (Mo.1957). Again, the optionee is privileged to accept the optionor's promise or not, but, in this instance, he has made a binding promise as consideration to have the offer kept open. The option contract is, thus, bilateral because each party has made a binding promise. *Ragan v. Schreffler, supra* at 498. In the present case, the parties do not consider the Hahn document to be a unilateral option contract nor do they discuss the relative merits of this document as a bilateral option contract. This posture of the parties is understandable because the Hahn document neither expressly or impliedly acknowledges a payment or a promise from Earth City in exchange for a separate promise from plaintiffs to keep open an offer to sell their land.[2]

 Although the parties properly ignore the issue of the Hahn document as an option contract, they do address the issue of the document as a bilateral contract for sale of land. Plaintiffs contend the language of

---

**2.** As noted in the opinion, *supra*, Earth City did occupy plaintiffs' land as a lessee and paid the agreed to rent. At times, rent paid pursuant to a lease may be sufficient consideration to support an option to purchase land where the option is part of the lease. *See, e.g., Cummins*

*v. Dixon*, 265 S.W.2d 386, 392 (Mo.1954); *Chapman v. Breeze*, 355 Mo. 873, 198 S.W.2d 717, 719 (1947). In these cases, however, the option to purchase land was an express provision in the lease. No comparable provision exists in the present case.

the document clearly creates a bilateral contract between them and Earth City. Defendant contends the language is ambiguous and, at best, merely indicates an intention to enter into a contract at a later time. For our purposes here, we do not resolve this issue for even if we assume that plaintiffs and Earth City entered into a bilateral contract for sale of land, the subsequent "Assignment" and "Purchase Agreement" between Earth City and defendant did not impose an obligation on defendant to perform ̇ the contractual duties Earth City owed to plaintiffs.

By assignment of an executory bilateral contract, an assignor may transfer his rights, intending to perform his duties himself, or he may transfer his rights and delegate the duties. If the assignor expressly delegates his duties and the assignee expressly promises to perform those duties, the assignee becomes liable to the original contracting party on a creditor beneficiary theory. 4 Corbin, *Contracts* § 906 (1951). At times, the assignment does not differentiate between rights and duties in express terms and the assignor purports to assign "the contract" or "all of his rights under the contract." In these instances, the Restatement provides that presumptively the assignor intends to delegate his duties as well as transfer his rights and the assignee intends to assume those duties as well as accept those rights. Restatement (Second) of Contracts, § 328 (1979). As noted, in the "Assignment" in the present case, Earth City assigned "all of its right, title, interest and privilege in and to" the Hahn document to defendant. Arguably, this language tracks the illustrative language of the Restatement and, thus, under the Restatement rule of presumptive interpretation, Earth City could be presumed to have delegated the performance of its duties to defendant and defendant could be presumed to have promised to perform them. The Restatement rule, however, is not applicable here. First, it is not clear that we in Missouri have adopted this rule. *See Senn v. Manchester Bank of St. Louis,* 583 S.W.2d 119, 127 (Mo.banc 1979). Second, the Restatement itself acknowledges that many juris-

dictions except land contract cases, like the present case, from the Restatement's presumption, and an assignor's general assignment of rights under an executory bilateral land contract does not impose the assignor's contractual duties on the assignee unless the assignee expressly promises to perform or assume those duties. Restatement (Second) of Contracts § 328, Comment C (1979); *Senn v. Manchester Bank of St. Louis, supra* at 127. In Missouri, regardless of whether we have adopted the Restatement rule for contracts generally, we do follow the stated exception to the rule in land contract cases and, thus, in the present case, defendant would be obligated to perform the duties Earth City owed to plaintiffs, if, but only if, defendant expressly contracted to perform those duties. *State ex rel. Hoyt v. Shain,* 338 Mo. 1208, 93 S.W.2d 992, 997 (1936). As noted, the language of the present "Assignment" is focused solely on Earth City's rights and privileges. There is no reference to Earth City's duties. It is quite clear, then, that defendant made no express intention to assume Earth City's contractual duties and, thus, defendant cannot be held to have assumed those duties. *State ex rel. Hoyt v. Shain, supra* at 997.

It is equally clear from the language of the "Purchase Agreement" that defendant assumed none of the contractual duties Earth City owed to plaintiffs. The pertinent paragraphs of the "Purchase Agreement" provide:

"*Property:* . . . [defendant] shall purchase and acquire upon and subject to the terms, conditions and provisions hereinafter set forth, the following:

. . . .

(c) All, *right, title, interest and privilege of [Earth City's] in and to [plaintiffs' land]* . . . covered by [the Hahn document].

. . . .

In addition to the payment of the purchase price [defendant] . . . agrees to (a)

*assume* the obligation of payment of the indebtedness described in Schedule C ...; and (b) *to purchase the Property* subject to (i) ... (ii) *the terms and conditions of the* [Hahn document], ...." (emphasis added).

From defendant's choice of words, it is clear defendant was being carefully precise and explicit. At the outset, defendant limited its purchase to the rights and privileges Earth City had in relation to plaintiffs' land. With reference to plaintiffs' land, these rights and privileges comprised the property interest defendant was purchasing. When defendant was to assume the obligation to pay certain of Earth City's specifically listed debts, it used the precise term "assume." Having once assumed these obligations, defendant then chose to use other language consistent with the previously defined property interest that defendant was acquiring. Defendant obviously could have used the term "assume" if it were to assume Earth City's contractual duties in relation to plaintiffs' land. However, rather than using the term "assume" again, defendant chose "to purchase the Property subject to" the terms and conditions of the Hahn document. The term "Property," capitalized and thus used as previously defined in the "Purchase Agreement" simply conveys its previous meaning—the rights and privileges Earth City had in relation to plaintiffs' land. In legal effect, defendant purchased the rights and privileges of Earth City, and, further, since defendant purchased these rights and privileges "subject to" the conditions and terms of the document creating the rights and privileges, defendant was simply obliged to fulfill any conditions precedent to the exercise of those rights or enjoyment of those privileges. *Cf. McFarland v. Melson,* 323 Mo. 977, 20 S.W.2d 63, 66 (1929) (grantee who takes "subject to" a mortgage acquires the encumbered property but does not personally assume the purchase price.)

This interpretation of the "Assignment" and "Purchase Agreement" is consistent with both Earth City's and defendant's understanding of the Hahn document. The schedule to the "Purchase Agreement" re-ferred to the Hahn document as an "option to purchase from the estate of Dora Hahn property in Bridgeton portion of Earth City." Obviously, an option contract would not have imposed any duty to purchase on Earth City, and, thus, there was no need to mention this duty in the subsequent "Assignment" and "Purchase Agreement."

Using different reasoning, we have reached the same result as the trial court. However, "on appeal, our primary concern is with the correctness of the result—not the route by which it is reached." *Maryland Plaza Redevelopment Corp. v. Greenberg,* 594 S.W.2d 284, 286 (Mo.App.1979). Accordingly, we affirm the judgment of the trial court.

SMITH and SIMON, JJ., concur.