932 F.Supp. 240 (1996)
ARE SIKESTON LIMITED PARTNERSHIP, et al., Plaintiffs,
v.
WESLOCK NATIONAL, INC. and Nalcor, Inc., Defendants.
WESLOCK NATIONAL, INC., Third-Party Plaintiff,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Third-Party Defendant.
No. 1:94 cv 182 SNL.
United States District Court, E.D. Missouri, Eastern Division.
June 21, 1996.
*241 Thomas M. Franklin, Boland and McQuain, Kansas City, MO, for ARE Sikeston Limited Partnership, American Real Estate Investment Corporation, AEL Leasing Co., Inc., American Hotel Mgmt. Inc.
Richard P. Sher, Devereux and Murphy, Clayton, MO, for Weslock National, Inc.
Allen S. Boston, Lewis and Rice, St. Louis, MO, Richard A. Wunderlich, Lewis and Rice, St. Louis, MO, for Westinghouse Electric Corporation.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
This matter is before the Court on the Defendant's Motion for Summary Judgment, the Third-Party Defendant's Motion for Summary Judgment, and the Plaintiff's Motion for Leave to Amend Pleadings. ARE Sikeston (ARE) was Nalcor's landlord and they had negotiated a fifteen year lease. Nalcor lost large amounts of money and was foreclosed upon by its creditor, Westinghouse. Westinghouse in turn sold a number of Nalcor's assets to another lock company called Weslock. Weslock moved into the ARE facility and paid the rent and upkeep. After paying the rent from month to month for seventeen months, Weslock gave notice and left the plant in Sikeston. ARE has brought this suit to make Weslock pay the remainder of Nalcor's fifteen year lease. Weslock sued Westinghouse for contribution if there is any liability.
The Court will begin with the Plaintiff's motion. At this late stage in the proceedings it is inappropriate for the Court to allow the Plaintiff to amend. There is no new factual basis put forth nor any reason for the Plaintiff's delay. In addition, the inclusion of the Plaintiff's new suggested party would violate diversity and require remand. The Court finds that the Plaintiff has made neither a compelling legal or factual argument to support amendment.
With that settled, the Court will now turn to the Weslock motion. Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' *242 trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.
ARE Sikeston is a real estate company that owned a large tract of land with a warehouse. They entered into a fifteen year lease with Defendant Nalcor to allow them to use the land and warehouse to conduct their lock manufacturing business. Nalcor's business ran into trouble and required more capital. Nalcor turned to Westinghouse who agreed to provide more working capital if they could get two documents: a Waiver of Lien Rights from ARE and a Leasehold Deed of Trust. ARE executed the two documents which forfeited their foreclosure right and allowed Westinghouse to enter the property to run the factory without a lease of their own.
Unfortunately the increased capital from Westinghouse was not enough to make Nalcor profitable and Westinghouse foreclosed on the inventory and assets of Nalcor. Westinghouse entered ARE's property under the leasehold trust and operated the plant with the intention of selling the lock business as a going concern. Westinghouse operated it for a time and was able to attract a buyer. Weslock came in and bought a portion of Nalcor's assets; it took possession of the facility and literally took the keys to the front door from Westinghouse employees. It never bought any of Nalcor's lease rights.
After a period of operation without any lease, ARE threatened Weslock with eviction if it did not pay the rent. Weslock then paid the monthly rent but never entered into a written contract with ARE. After a period of operation at the Sikeston facility, Weslock gave ARE notice and moved out. Now ARE is suing Weslock to hold it as a successor to the Nalcor lease.
ARE does not dispute that there is no written contract with Weslock nor does it dispute that ARE paid it the monthly rent for the period it was operating at ARE's warehouse. ARE does not dispute that it relinquished its security interest in Nalcor to Westinghouse through the Waiver of Lien Rights nor does it dispute that it signed the Leasehold Deed of Trust with Westinghouse which allowed Westinghouse to enter the facility. All of these facts provide the basis for the Court's ruling.
There is no contractual relationship between ARE and Weslock. The obligations of any contract are limited to the parties to the contract and they cannot be imposed on a nonparty. Reichert v. Jerry Reece, Inc., 504 S.W.2d 182 (Mo.App.1973); Hahn v. Earth City Corp., 625 S.W.2d 640, 643 (Mo.App. 1981) In this case, other than the periodic tenancy, there was never any contract between Weslock and ARE.
*243 There is no argument that the events can be viewed to show that Weslock assumed the obligations of Nalcor. The facts neither meet the requirements of successor liability set forth in East Prairie R-2 School Dist. v. U.S. Gypsum Co., 813 F.Supp. 1396, 1399 (E.D.Mo.1993), nor do they show an acquisition of liability through the asset purchase from Westinghouse. The Bill of Sale specifically provided that Weslock did not acquire any of the lease rights and Westinghouse may not have even had them to sell anyway because they never foreclosed on the Leasehold Deed.
The next argument put forth by ARE is that there was some type of fraud or malicious interference on the part of the Defendants in the relationship between ARE and Nalcor. The failure in this argument however, is that ARE had no legitimate expectation to collect from Nalcor because it had already waived the only right that a landlord has  the right of foreclosure and lien. When it signed the document to allow Westinghouse to become the first lienholder, it relinquished its rights to initial Nalcor assets and could only be entitled to collect any surplus from a foreclosure sale. With no legitimate expectation therefore, there is no damage even if its allegations are fully supported. Fischer Etc. v. Forrest T. Jones & Co., 586 S.W.2d 310, 315 (Mo. banc 1979); Rusk Farms, Inc. v. Ralston Purina Co., 689 S.W.2d 671, 679 (Mo.App.1985).
Plaintiff ARE also brings a claim under a theory of fraudulent conveyance. Again, the problem with the theory is that since ARE could not reach the limited assets of Nalcor as a result of the lien waiver it signed, it cannot challenge their sale. Johnson v. Fotie, 308 S.W.2d 662 (Mo.1958).
Finally, ARE brings a claim under assumpsit which argues that Weslock was unjustly enriched because it enjoyed the value of the Sikeston leasehold without paying the associated liabilities under the lease. It does not dispute however, that Weslock paid appropriate monthly rent, upkeep, and taxes. This is all it was required to do based on its month to month tenancy. The parties never entered into any greater agreement. See, Johnson v. Simpson Oil Co., 394 S.W.2d 91, 96 n. 2 (Mo.App.1965).
Because there is no genuine issue of material fact this case is appropriate for summary judgment and the undisputed facts support a legal analysis in favor of the Defendants.
Accordingly,
IT IS HEREBY ORDERED that the Plaintiff's Motion to Amend the Complaint (# 29) is DENIED.
IT IS FURTHER ORDERED that Defendant Weslock's Motion for Summary Judgment (# 27) is GRANTED.
IT IS FINALLY ORDERED that because the liability of Westinghouse was dependant on Weslock's liability, Defendant Westinghouse's Motion for Summary Judgment (# 40) is GRANTED and its Motion for Stay (# 43) is DENIED as moot.